1  | Thomas Spielbauer, Esq.
   | SBN 78281
2  | THE SPIELBAUER LAW FIRM
   | 50 Airport Parkway
3  | San Jose, CA  95110
   | (408)451-8499
4  | Mobile: (408)835-2067
   | Fax: (510)475-5531
5  | thomas@spielbauer.com

6  Attorneys for the Kenny Family Trust
   and for Scott Heineman and Kurt Johnson as Trustees and Representatives

7

8  IN THE UNITED STATES COURT
   FOR THE NORTHERN DISTRICT OF CALIFORNIA

| THE FRANCES KENNY FAMILY TRUST; SCOTT HEINEMAN AS TRUSTEE; KURT JOHNSON, AS TRUSTEE; AND SCOTT HEINEMAN AND KURT JOHNSON AS INDIVIDUAL ASSIGNEES ON BEHALF OF FRANCES KENNY, | No. C 04 3724 MEJ |
|---|---|
| | PLAINTIFF'S FIRST AMENDED COMPLAINT |
| Plaintiffs. | JURY TRIAL DEMANDED |
| v.s. | |
| WORLD SAVINGS BANK FSB; THE DIRECTORS AND OFFICERS OF WORLD SAVINGS BANK FSB; CASTLE CAPITAL CORPORATION, | |
| Defendants. | |

JURISDICTION

1.  This Court has subject matter jurisdiction over the lawsuit because the action arises under 12 U.S.C. §2614, 12 U.S.C. §2601 et seq., 15 U.S.C. §§ 1692 et seq., 15 U.S.C. §§1601-1693r, 18 U.S.C. §1964, and  28 U.S.C. §§2201 and 2202.

PLAINTIFF'S DEMAND FOR JURY TRIAL

2.  The Plaintiffs assert their rights under the Seventh Amendment to the United States Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

PARTIES

3.  Plaintiff Scott Heineman is a natural person who is a citizen of the State of California.

4.  Plaintiff Kurt Johnson is a natural person who is a citizen of the State of California.

5.  The Kenny Family Trust is a lawful California trust created on May 12, 2004.

6.  Plaintiffs Scott Heineman and Kurt Johnson sue as agents and trustees for the Kenny Family Trust and individually as representatives of Frances Kenny.

7.  World Savings Bank FSB is a corporation which is incorporated in the State of California and has a principal place of business in the State of California.  World Savings Bank FSB engages in financial transactions and does business in the State California as well as in the other States within these United States.  World Savings Bank FSB does business in the State of California and enjoys the benefits of doing business in California and enjoys the protection of California law.  World Savings Bank FSB does business in all of the counties in California, and particularly in Santa Clara, Alameda, San Francisco and San Mateo Counties.

8.  World Savings Bank FSB has a registered agent for service of process in the State of California. Service of Process on Defendant may be made by serving its registered agent at

Shawn K. Sax
World Savings Bank FSB
1901 Harrison St.
Oakland, California 94612.

9.  Castle Capital Corporation is a corporation which is incorporated in the State of California and has a principal place of business in the State of 3315 VENADO ST CARLSBAD, CA 92009.   Castle Capital Corporation is a resident and citizen of the State of California. Castle Capital Corporation engages in financial transactions and does business in the State of California as well as in the other States within these United States. Castle Capital Corporation does business in the State of California and enjoys the benefits

1   of doing business in California, and enjoys the protection of California law.  Castle

2   Capital Corporation does business in all of the counties in California, and particularly in

3   Santa Clara, Alameda, San Francisco and San Mateo Counties.

4        10.  Castle Capital Corporation has a registered agent for service of process in the

5   State of California. Service of Process on Defendant may be made by serving its

6   registered agent at

7                    JAMES W CHARLTON
                     1007 W AVE M-14 STE A
8                    PALMDALE, CA 93551.

9        11.  "Legal tender" or "lawful money" as referred to in this complaint is the legal

10  tender of the United States M1 money supply (the coin and currency in circulation).

11                           CONDITIONS PRECEDENT

12       12.  All conditions precedent have been performed or have occurred.

13                       ADDITIONAL FACTS OF STANDING

14       13.  Frances Kenny and Plaintiffs Scott Heineman and Kurt Johnson created the

15  Kenny Family Trust on or about May 12, 2004.  On the date of the creation of this trust,

16  Frances Kenny appointed Plaintiffs Scott Heineman and Kurt Johnson trustees, granting

17  full power of attorney to prosecute and defend any and all claims against the Kenny

18  Family Trust, the corpus of the Family Trust, and assigned to Plaintiffs her choses in

19  action.

20       14.  A copy of the power of attorney and the assignment of any and all causes of

21  action pertaining to the Kenny Family Trust and the property which forms the corpus of

22  the trust are attached to this complaint as Exhibit 1.

23       15.  Upon the creation of the trust, Frances Kenny transferred into the trust   the

24  right and title to the property located at 10655 Wexford St #5, San Diego, CA 92131

25  pursuant to a quit claim deed.

26       16.  This quitclaim deed was filed with the County Recorder on May 13, 2004 and

27  is attached to this complaint as Exhibit 3.

28       17.  Legal and equitable title of the property located at 10655 Wexford St #5, San

1   Diego, CA 92131 rests with the Kenny Family Trust, Scott Heineman and Kurt Johnson
2   as trustees.

3       18.  On or about May 12, 2004, Plaintiffs Scott Heineman and Kurt Johnson
4   notified World Savings Bank FSB of the creation of the Kenny Family Trust as well as of
5   the power of attorney and assignment of Frances Kenny's chose in action.

6       19. On or about on or about May 12, 2004, Plaintiffs Scott Heineman and Kurt
7   Johnson notified World Savings Bank FSB of the creation of the corpus of the Kenny
8   Family Trust by the movement of the property located at 10655 Wexford St #5, San
9   Diego, CA 92131 into the corpus of the trust.

10      20.  Plaintiffs Scott Heineman and Kurt Johnson made a presentment to World
11  Savings Bank FSB on or about June 3, 2004.  This presentment included a bond payable
12  to World Savings Bank FSB which was twice the value of the note allegedly owed to
13  Defendant  World Savings Bank FSB, a contract, affidavits, certified public accountant's
14  statement, and a notice.

15      21.  Defendant World Savings Bank FSB retained this bond and still has this bond
16  in its possession.  World Savings Bank FSB has had this bond in its possession for almost
17  four months.

18      22.  World Savings Bank FSB's retention of the bond for this period of time
19  constitutes acceptance of the bond by virtue of its retention and by virtue of the terms of
20  its presentment.

21      23.  As of June 3, 2004, World Savings Bank FSB was on notice of the creation of
22  the Kenny Family Trust, of the fact that Plaintiffs Scott Heineman and Kurt Johnson were
23  trustees of the Kenny Family Trust, and of the fact that the property located at 10655
24  Wexford St #5, San Diego, CA 92131 had been moved into the trust and that this property
25  formed the corpus of the Kenny Family Trust.

26                                      FACTS

27      24.  On July 18, 2002, Frances Kenny allegedly executed a promissory note.  This
28  note was to be secured by a deed of trust on the property located at 10655 Wexford St #5,

-4-

1   San Diego, CA 92131.  Frances Kenny executed this deed of trust on May 13, 2004.  A

2   copy of this promissory note and this deed of trust attached to this complaint as Exhibit 2.

3       25.  World Savings Bank FSB regularly advertises that it extends home loans to

4   residential purchasers.

5       26.  World Savings Bank FSB regularly advertises that it extends home loans from

6   its own sources.

7       27.  World Savings Bank FSB regularly advertises that it extends home loans from

8   the deposits made by account holders of the bank.

9       28.  Defendant World Savings Bank FSB maintains its accounting records

10  according to and using Generally Accepted Accounting Principles (GAAP).

11      29.  Defendant World Savings Bank FSB maintained its accounting records in the

12  matter pertaining to and concerning the property located at 10655 Wexford St #5, San

13  Diego, CA 92131 and pertaining to Frances Kenny according to and using Generally

14  Accepted Accounting Principles (GAAP).

15      30.  World Savings Bank FSB represented to Frances Kenny that it had its own

16  monetary resources to loan to Frances Kenny.

17      31.  World Savings Bank FSB did not have its own monetary resources to loan to

18  Frances Kenny.

19      32.  World Savings Bank FSB was and is prohibited by law from loaning World

20  Savings Bank FSB's own monetary resources to Frances Kenny.

21      33.  Defendant World Savings Bank FSB offered and extended this "loan"

22  realizing that a significant number of alleged borrowers would not be able to repay these

23  "loans" through no fault of their own.

24      34.  The conditions of Frances Kenny's failure to pay would come about as the

25  byproduct of deliberate monetary policy of the Federal Reserve Board.

26      35.  Defendant World Savings Bank is a member bank of the Federal Reserve

27  Board..

28      36.  Defendant World Savings Bank FSB knew that, for these reasons, the

1  residence of 10655 Wexford St #5, San Diego, CA 92131 stood a substantial possibility

2  foreclosed upon by World Savings Bank FSB or its agents or successors.

3      37.  Defendant World Savings Bank FSB nonetheless deliberately, wilfully, and

4  maliciously withheld this information from Frances Kenny, and did not disclose this

5  information to Frances Kenny.

6      38.  World Savings Bank FSB represented to Frances Kenny that the consideration

7  for the promissory note and deed of trust was a loan of $262,500.00 in legal tender of the

8  United States.

9      39.  World Savings Bank FSB never extended to Frances Kenny legal tender of the

10  United States in exchange for Frances Kenny's promissory note or deed of trust.

11      40.  World Savings Bank FSB misrepresented to Frances Kenny on July 18, 2002

12  and on numerous occasions thereafter that Frances Kenny in fact owed a debt which

13  allegedly originated on July 18, 2002 by Frances Kenny's alleged execution of a

14  promissory note secured by a deed of trust.

15      41.  After receiving Frances Kenny's promissory note, World Savings Bank FSB

16  placed the promissory note into a temporary depository account in Frances Kenny's name

17  and recorded the note as an asset.  World Savings Bank FSB thereafter removed this asset

18  into a transactional account.  World Savings Bank FSB issued the credits from that

19  account which constituted the draft which was issued.

20      42.  World Savings Bank FSB removed the corpus of this deposit from Frances

21  Kenny's temporary depository account without the knowledge nor consent of Frances

22  Kenny.

23      43.  World Savings Bank FSB failed to disclose to Frances Kenny that Frances

24  Kenny's depository credits were the funding source for the draft which was issued.

25      44.  The promissory note and the deed of trust executed by Frances Kenny on July

26  18, 2002 were in fact  uncertificated security instruments as set forth in Title 8 of

27  Uniform Commercial Code.

28      45.  World Savings Bank FSB thereafter converted Frances Kenny's promissory

1   note into a negotiable instrument without the knowledge nor the consent of Frances

2   Kenny.

3       46.  World Savings Bank FSB thereafter converted Frances Kenny's promissory

4   note into a negotiable instrument without compensation to Frances Kenny.

5       47.  Defendant World Savings Bank FSB converted the promissory note of which

6   the deed of trust was security into a self funding note.

7       48.  World Savings Bank FSB took this note, monetized it, and then recorded it as

8   an asset on its accounting books.

9       49.  In accounting this promissory note as an asset, Defendant World Savings

10  Bank FSB utilized this note as a money reserve and engaged in other loans of non-

11  existent (vapor) money based on the recorded asset value of this promissory note.

12      50.  Defendant World Savings Bank FSB converted the equity value of Frances

13  Kenny's interest in the promissory note into an exchange of credits.

14      51.  This exchange of credits did not transfer entitlement rights nor meet the

15  standard of a sale for such rights under the Uniform Commercial Code nor under any

16  other standard of commercial law.

17      52.  Defendant World Savings Bank FSB did this under the auspices of fractional

18  reserve banking.

19      53.  Defendant World Savings Bank FSB materially altered the promissory note

20  which Frances Kenny executed.

21      54.  World Savings Bank FSB materially altered the promissory note which

22  Frances Kenny signed on July 18, 2002.

23      55.  The sale of servicing rights is not equal to the legal rights in the asset.

24      56.  By World Savings Bank FSB's act of conversion of Frances Kenny's

25  promissory note, Frances Kenny and Defendant World Savings Bank FSB simply

26  exchanged negotiable instruments.

27      57.  By World Savings Bank FSB's act of converting the promissory note, Frances

28  Kenny and Defendant World Savings Bank FSB simply exchanged book entry securities

1  credits.

2      58.  Defendant World Savings Bank FSB knew of this exchange but nonetheless

3  misrepresented to Frances Kenny and continued to misrepresent to Frances Kenny the

4  fact that this exchange was instead a debt owed by Frances Kenny to World Savings Bank

5  FSB.

6      59.  Defendant World Savings Bank FSB failed to disclose to Frances Kenny the

7  asset entries onto the bank accounting ledger.

8      60.  Defendant World Savings Bank FSB did not disclose to Frances Kenny that it

9  would convert the promissory note into a monetized negotiable instrument upon which it

10  would "lend" as available money to other "borrowers" over ten (10) times the amount of

11  Frances Kenny's promissory note.

12      61.  In furtherance of its fraud, Defendant World Savings Bank FSB deposited into

13  the United States mail billing statements, letters, demands and notices reaffirming the

14  fraudulent nature of the transaction which occurred on July 18, 2002 and demanding

15  payments from Frances Kenny.  Defendant have done this on at least a monthly basis

16  commencing July 18, 2002.  Defendant have continued this pattern of conduct to the

17  present time.

18      62.  Frances Kenny paid sums of money to the Defendant World Savings Bank

19  FSB for periods of time as a result of a demand for monthly mortgage payments by the

20  Defendant on the property located at 10655 Wexford St #5, San Diego, CA 92131.

21  Frances Kenny paid this money due to Defendant's representations this money was a debt

22  secured by the above mentioned property.

23      63.  Frances Kenny paid sums of money to the Defendant World Savings Bank

24  FSB for periods of time as a result of Defendant's demand for monthly mortgage

25  payments on the promissory note for 262,500.00 and secured by the property located at

26  10655 Wexford St #5, San Diego, CA 92131.  Frances Kenny paid this money due to

27  Defendant's representations this money was a debt secured by the above mentioned

28  property.

64.  Frances Kenny paid these sums of money to Defendant World Savings Bank FSB.

65.  Frances Kenny does not owe this money to the Defendant, a fact which the Defendant knew and a fact which are established by Defendant's very own accounting records.

66.  In order to obtain these sums of money, Defendant World Savings Bank FSB threatened Frances Kenny and Plaintiffs with foreclosure proceedings whereby the property located at 10655 Wexford St #5, San Diego, CA 92131 would be sold at public auction and Frances Kenny and Plaintiffs deprived of ownership and possession of the property.

67.  Plaintiff is entitled to legal possession of the property located at 10655 Wexford St #5, San Diego, CA 92131.

68.  On or about May 13, 2004, the property described above had a value in excess of 262,500.00.

69.  Defendant World Savings Bank FSB thereafter, and without Frances Kenny's consent, converted the monthly payments of Frances Kenny, ostensibly made as mortgage payments for the property located at 10655 Wexford St #5, San Diego, CA 92131, to its own use.

70.  Defendants World Savings Bank FSB thereafter, without Plaintiff's consent, illegally sold the above-described property and thereby converted it and its proceeds to its own use.

71.  Defendant World Savings Bank FSB represented to Frances Kenny that the transaction was a secured transaction governed by Article 9 of the Uniform Commercial Code.

72.  Defendant World Savings Bank FSB concealed from Frances Kenny the fact that the transaction is a securities transaction governed by Article 8 of the Uniform Commercial Code.

73.  The street address of the real property used to secure the promissory note, and

which is the subject of the deed of trust is 10655 Wexford St #5, San Diego, CA 92131.

74. The legal description of the real property used to secure the promissory note, and which is the subject of the deed of trust is:

> Parcel No. 319-460-60-13, in the City of San
> Diego, County of San Diego, State of
> California, according to Map thereof No.
> PM18144, filed as document No. 2002-626765
> in the Office of the County Recorder of San
> Diego County on July 26, 2002.

75. Castle Capital Corporation subsequently claimed ownership and possession rights to the property located at 10655 Wexford St #5, San Diego, CA 92131.

76. Castle Capital Corporation sought to enforce its claimed ownership rights by undertaking legal actions against Frances Kenny. Specifically, Castle Capital Corporation sought to evict Frances Kenny from the premises of 10655 Wexford St #5, San Diego, CA 92131 under color of lawful title to the property.

77. Plaintiffs Kenny Family Trust noticed Defendant Castle Capital Corporation of the fact that World Savings Bank FSB and others did not have proper title to convey and in fact did not have an ownership interest in the property located at 10655 Wexford St #5, San Diego, CA 92131.

78. Plaintiffs Kenny Family Trust noticed Defendant Castle Capital Corporation in writing of the fact Defendant Castle Capital Corporation was not a bonafide purchaser for value of the property located at 10655 Wexford St #5, San Diego, CA 92131. Therefore, Defendant Castle Capital Corporation had actual and constructive notice of the fact that he was not a bonafide purchaser for value.

79. Defendant Castle Capital Corporation has continued to undertake actions to acquire possession of the property, entitlement rights, and enforce its unlawful claim against Frances Kenny and the Kenny Family trust. Defendant Castle Capital Corporation allegedly purchased the property at a foreclosure sale and then initiated eviction proceedings against Frances Kenny.

80. Defendant Castle Capital Corporation deliberately failed to notice Kenny

1    Family Trust of any and all legal actions Defendant Castle Capital Corporation

2    undertook.  Defendant Castle Capital Corporation excluded the Kenny Family Trust from

3    legal actions despite the fact that Defendant Castle Capital Corporation knew or

4    reasonably should have known that Kenny Family Trust was the legal and recorded

5    owner of the property located at 10655 Wexford St #5, San Diego, CA 92131.

6        81.  Defendant Castle Capital Corporation committed fraud on the Court by

7    deliberately failing to notify the court in legal actions that the recorded owner of the trust

8    deed was the Kenny Family Trust and not the named Defendant, Frances Kenny.

9        82.  Defendant Castle Capital Corporation aided and abetted the acts of World

10   Savings Bank FSB, and was an accessory to those acts, by undertaking his actions to

11   enforce non-existent entitlement and legal rights after notice of their invalidity.

12                          CAUSES OF ACTION

13                               RESPA

14       83.  Federal jurisdiction of RESPA violations is set forth at 12 U.S.C. §2614.

15       84.  Plaintiffs reallege and incorporate paragraphs 1 through 82 of this complaint,

16   inclusive.

17       85.  World Savings Bank FSB has engaged in federally related mortgage loans as

18   defined in 12 U.S.C. §2602 concerning the property located at 10655 Wexford St #5, San

19   Diego, CA 92131.

20       86.  World Savings Bank FSB is a creditor as defined in 15 U.S.C. §1602.

21       87.  The promissory note allegedly executed by Frances Kenny on July 18, 2002

22   was purported to be a federally related mortgage loan.

23       88.  The Real Estate Settlement Procedures Act's ("RESPA")[1] general purpose is

24   to ensure that home buyers are given full and timely information on the nature and costs

25   of the closing process; and, more specifically, to eliminate "kickbacks" or "referral fees"

26

27

28       [1] 12 USC § 2601 et seq.

1   that tend to unnecessarily increase settlement costs.[2]

2      89.  World Savings Bank FSB was under a legal duty to inform Frances Kenny of

3   the fact that as a result of deliberate monetary policy of the Federal Reserve Board that

4   there was a substantial probability, or possibility, that the residence of 10655 Wexford St

5   #5, San Diego, CA 92131 would be foreclosed upon.

6      90.  World Savings Bank FSB was under a legal duty pursuant to 12 U.S.C. §2605

7   to notify Frances Kenny in writing of any assignment, sale, conversion, or transfer of the

8   servicing of the alleged loan no less than 15 days before the effective date of the transfer

9   of the servicing of the mortgage loan.

10     91.  World Savings Bank FSB did not properly notify Frances Kenny of the actual

11  assignment, sale or transfer of servicing of the documents allegedly executed as a part of

12  the promissory note and the creation of the trust deed on or about May 13, 2004, nor was

13  Frances Kenny properly notified at any time thereafter.

14     92.  World Savings Bank FSB materially altered the promissory note which

15  Frances Kenny allegedly signed on July 18, 2002.

16                    FAIR DEBT COLLECTION PRACTICES

17     93.  Plaintiffs reallege and incorporate paragraphs 1 through 82 of this complaint,

18  inclusive.

19     94.  Federal jurisdiction for Fair Debt Collection Practices is conferred by 15

20  U.S.C. §§ 1692 et seq.

21     95.  World Savings Bank FSB is a debt collector as defined by 15 U.S.C. §1692a.

22     96.  World Savings Bank FSB is a creditor as defined by 15 U.S.C. §1692a.

23     97.  World Savings Bank FSB engages in debt collection practices carried on to a

24  substantial extent in interstate commerce or through means and instrumentalities of

25  interstate commerce.

26     98.  Plaintiffs Scott Heineman and Kurt Johnson and Frances Kenny  and Kenny

27  _____

28     [2] 12 USC § 2607

1   Family Trust are a consumers as defined by 15 U.S.C. §1692a.

2       99.  World Savings Bank FSB misrepresented to Frances Kenny, has represented

3   to Frances Kenny on numerous occasions, and continues to represent to Frances Kenny

4   that Frances Kenny in fact owed a debt which allegedly originated on July 18, 2002 by

5   Frances Kenny's alleged execution of a promissory note secured by a deed of trust.

6       100.  This alleged promissory note was in fact a deposit of an asset to Defendant

7   World Savings Bank FSB for which World Savings Bank FSB exchanged with Frances

8   Kenny accounting figures in the amount of $262,500.00 which formed the basis of its

9   own negotiable instrument.

10      101.  Frances Kenny and Defendant World Savings Bank FSB simply exchanged

11  negotiable instruments.

12      102.  No loan of lawful United States money occurred in this transaction.

13      103.  World Savings Bank FSB knew of this fact but nonetheless misrepresented to

14  Frances Kenny and continues to misrepresent to plaintiffs the fact that this exchange was

15  a debt owed by Frances Kenny to Defendant World Savings Bank FSB.

16      104.  By these actions, Defendant World Savings Bank FSB violated 15 U.S.C.

17  §1692e.

18      105.  By these actions, Defendant World Savings Bank FSB violated 15 U.S.C.

19  §1692f.

20      106.  On or about June 3, 2004, Plaintiffs Kenny Family Trust notified World

21  Savings Bank FSB that Frances Kenny and the Frances Kenny Family Trust disputed the

22  allegation that Frances Kenny owed any money concerning the promissory note of July

23  18, 2002 and the deed of trust used to secure this note.  World Savings Bank FSB failed

24  to cease collection of the alleged debt, or any disputed portion thereof, and refused to

25  verify to Plaintiffs' Scott Heineman and Kurt Johnson, as trustees, and the Kenny Family

26  Trust statement that there was no actual loan and whether there was a debt thereby.

27      107.  The actions described in the above paragraph are mandated by 15 U.S.C.

28  §1692g(b).

TRUTH IN LENDING

108. Plaintiffs reallege and incorporate paragraphs 1 through 82 of this complaint, inclusive.

109. The truth in lending provisions[3] of the federal Consumer Credit Protection Act[4] and Regulation Z[5] apply to credit sales of consumer goods, including housing.

110. "The Truth in Lending Act is a remedial statute designed as much as possible to permit borrowers to make informed judgments about the use of credit. To effectuate this congressional purpose requires that the Act's terms be liberally construed."[6]

111. The Truth in Lending Act and Regulation Z disclosures must be made clearly and conspicuously in writing (i.e., in a "disclosure statement").[7] The disclosure statement must contain information regarding imposition and calculation of finance charges, interest rates, total sale price, late payments, payment schedule, payment amount, maximum monthly payment, total loan cost, etc. The wording and format of the disclosure statement is extensively regulated.

112. World Savings Bank FSB is a creditor as defined by 15 U.S.C. §1602(f).

113. World Savings Bank FSB failed and wilfully did not disclose to Frances Kenny that Frances Kenny was being required to repay in legal tender the principal to a loan of United States legal tender Frances Kenny never received.

114. World Savings Bank FSB failed and wilfully did not disclose the fact that World Savings Bank FSB would convert Frances Kenny's promissory note into an asset, which it would characterize as a monetary reserve and by which it would generate additional loans of credits (vapor money) to other bank customers.

---

[3] 15 USC §§1601-1693r.

[4] Pub L 90-321, 82 Stat 146.

[5] 12 CFR §§226.1-226.36.

[6] *Eby v. Reb Realty and Don Dailey Realty* (1974) 495 F.2d 646

[7] 15 USCA § 1632(a); 12 CFR §§ 226.5(a) (1), 226.17(a)(1), 226.31(b).

115.  World Savings Bank FSB failed and wilfully did not disclose to Frances Kenny that Frances Kenny was being charged interest on a non-existent loan.

116.  World Savings Bank FSB charged to Frances Kenny and continues to charge to Frances Kenny interest to a non-existent loan of money.  Such charge of interest is and was usury.

<div align="center">RICO - 18 USC 1962(a)</div>

117.  Plaintiffs reallege and incorporate paragraphs 1 through 116 of this complaint, inclusive.

118.  The directors and officers of World Savings Bank FSB, and World Savings Bank FSB, acted with the intent to defraud  Frances Kenny and to violate the Federal Truth in Lending Act, Regulation Z, Regulation X, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act.  These directors and officers and World Savings Bank also committed fraud in their actions.

119.  Their acts as described in this complaint demonstrate the existence of a scheme which was reasonably calculated to deceive persons of ordinary prudence and comprehension, and which engaged in a pattern of racketeering activity.  This pattern included the repeated use of telephone and the United States Mail.

120.  This activity was designed to conceal that World Savings Bank FSB extended nothing to Frances Kenny in exchange for the promissory note and deed of trust. The objective of these acts was to perpetrate fraud upon Frances Kenny.

121.  This activity was designed to conceal from Frances Kenny the fact that her residence stood a substantial possibility of being foreclosed on by no fault of her own but as a direct result of Federal Reserve Board monetary policy, a fact which World Savings Bank knew of.

122.  This activity was designed to conceal from Frances Kenny the that a loan of legal tender did not occur and that Frances Kenny was being required to pay interest and principal on a debt which Frances Kenny did not owe.

123.  Defendants World Savings Bank FSB have engaged in a pattern of conduct

<div align="center">-15-</div>

1   alleged in this complaint in almost all of its residential "loans."  The acts alleged in this
2   complaint against these Defendants constitute an ongoing pattern of conduct and
3   racketeering activities.

4       124.  Defendant World Savings Bank FSB committed its acts beginning on or
5   about July 18, 2002 and repeated these acts on at least a monthly basis thereafter.
6   Defendants World Savings Bank FSB and its officers and directors did this by depositing
7   and causing to be deposited into the United States mail billing statements, letters,
8   demands and notices reaffirming the fraudulent nature of the transaction which occurred
9   on July 18, 2002 and demanding payments from Frances Kenny.  Defendants have
10  continued this pattern of conduct to the present time.

11      125.  The directors and officers of World Savings Bank FSB invested the money
12  gained from Frances Kenny in their enterprise(s), World Savings Bank FSB.  This
13  enterprise is engaged in interstate commerce.

14      126.  The actions of World Savings Bank FSB, and the directors and officers of
15  World Savings Bank FSB, acting in concert with each other, have caused injury to
16  Frances Kenny and to the Kenny Family Trust, causing Plaintiffs the potential loss of
17  Frances Kenny's residence and the ruin of Frances Kenny's reputation and the loss of
18  money amongst other harm.

19                          RICO - 18 USC 1962(b)

20      127.  Plaintiffs reallege and incorporate paragraphs 1 through 116 of this
21  complaint, inclusive.

22      128.  The directors and officers of World Savings Bank FSB and World Savings
23  Bank FSB, acted with the intent to defraud Frances Kenny and to violate the Federal
24  Truth in Lending Act, Regulation Z, Regulation X, the Real Estate Settlement Procedures
25  Act, Fair Debt Collection Practices Act.  These directors and officers and their financial
26  institutions also committed fraud in their actions.

27      129.  Their acts as described in this complaint demonstrate existence of a scheme
28  reasonably calculated to deceive persons of ordinary prudence and comprehension, and

1  engaged in a pattern of racketeering activity.  This pattern included the repeated and

2  continuous use of telephone and mail.   This activity was designed to conceal from

3  Frances Kenny the truth that World Savings Bank FSB extended nothing to Frances

4  Kenny in exchange for Frances Kenny's promissory note and deed of trust.  The objective

5  of these acts was to perpetrate fraud upon Frances Kenny.

6         130.  This activity was designed to conceal from the Frances Kenny the truth that

7  World Savings Bank FSB extended nothing to Frances Kenny in exchange for Frances

8  Kenny's promissory note and deed of trust.

9         131.  This activity was designed to conceal from Frances Kenny that a loan of

10  legal tender did not occur and that Frances Kenny was being required to pay interest and

11  principal on a debt which Frances Kenny did not owe.

12         132.  This activity was designed to conceal from Frances Kenny the fact that her

13  residence stood a substantial possibility of being foreclosed on by no fault of her own but

14  as a direct result of Federal Reserve Board monetary policy, a fact which World Savings

15  Bank FSB knew of.

16         133.  Defendant World Savings Bank FSB, and its directors and officers,

17  committed the acts set forth in this complaint commencing on or about July 18, 2002 and

18  repeated these acts on at least a monthly basis thereafter. Defendant World Savings Bank

19  FSB and its officers and directors did this by depositing and causing to be deposited into

20  the United States mail billing statements, letters, demands and notices reaffirming the

21  fraudulent nature of the transaction which occurred on July 18, 2002 and demanding

22  payments from Frances Kenny.  Defendants have continued this pattern of conduct to the

23  present time.

24         134.  Defendant World Savings Bank FSB, through a pattern of racketeering

25  activity and through collection of an unlawful debt, acquired or maintained, directly or

26  indirectly, an interest in or control of Defendant World Savings Bank FSB, which banks

27  are engaged in or conducts activities of which affect interstate or foreign commerce.

28         135.  Defendants World Savings Bank FSB, and its officers and directors, have

1   engaged in patterns of conduct alleged in this complaint in almost all of their residential

2   "loans."  The acts alleged in this complaint against these Defendants constitute an

3   ongoing pattern of conduct and constitute racketeering activities.

4        136.  The actions of Defendants World Savings Bank FSB, and its officers and

5   directors, acting in concert with each other, have caused injury to Frances Kenny, causing

6   the potential loss of residence, the ruin of  reputation, and the loss of money.

7        137.  The financial benefits derived from this enterprise and inured to them

8   enabled these officers and directors, as well as World Savings Bank FSB, to accomplish

9   the acts and injury alleged in this complaint.

10   <center>RICO - 18 USC 1962(c)</center>

11        138.  Plaintiffs reallege and incorporate paragraphs 1 through 116 of this

12   complaint, inclusive.

13        139.  The directors and officers of World Savings Bank FSB and World Savings

14   Bank FSB, acted with the intent to defraud the Frances Kenny and to violate the Federal

15   Truth in Lending Act, Regulation Z, Regulation X, the Real Estate Settlement Procedures

16   Act, Fair Debt Collection Practices Act.  These Defendants also committed fraud in their

17   actions.

18        140.  The directors and officers of World Savings Bank FSB are employed by or

19   associated with World Savings Bank.   These enterprises are engaged in or affect

20   interstate commence.

21        141.  Their acts as described in this complaint demonstrate the existence of a

22   scheme which was reasonably calculated to deceive persons of ordinary prudence and

23   comprehension, and which engaged in a pattern of racketeering activity.  The objective of

24   these acts was to perpetrate fraud upon Frances Kenny.

25        142.  This activity was designed to conceal from the Frances Kenny that World

26   Savings Bank FSB extended nothing to Frances Kenny in exchange for Frances Kenny's

27   promissory note and deed of trust.

28        143.  This activity was designed to conceal from Frances Kenny that a loan of

1   legal tender did not occur and that Frances Kenny was being required to pay interest and

2   principal on a debt which Frances Kenny did not owe.

3       144.  This activity was designed to conceal from Frances Kenny the fact that her

4   residence stood a substantial possibility of being foreclosed on by no fault of her own but

5   as a direct result of Federal Reserve Board monetary policy, a fact which World Savings

6   Bank knew of.

7       145.  Defendant World Savings Bank FSB, and its directors and officers,

8   committed the acts of this complaint commencing on or about July 18, 2002 and repeated

9   these acts on at least a monthly basis thereafter. Defendants World Savings Bank FSB,

10  and its officers and directors, did this by depositing and causing to be deposited into the

11  United States mail billing statements, letters, demands and notices reaffirming the

12  fraudulent nature of the transaction which occurred on July 18, 2002 and demanding

13  payments from Frances Kenny.  Defendants have continued this patter of conduct to the

14  present time.

15      146.  Defendants World Savings Bank FSB, and its officers and directors, have

16  engaged in the pattern of conduct alleged in this complaint in a significant percentage of

17  residential "loans."  The acts alleged in this complaint against these Defendants constitute

18  an ongoing pattern of conduct and constitute racketeering activities.

19      147. The officers and directors of Defendant World Savings Bank FSB conducted

20  or participated, directly or indirectly, in the conduct of such of World Savings Bank

21  FSB's affairs through a pattern of racketeering activity or collection of unlawful debt.

22      148.  The actions of World Savings Bank FSB, and its officers and directors,

23  acting in concert with each other and with World Savings Bank FSB, have caused injury

24  to Frances Kenny, causing Frances Kenny the potential loss of Frances Kenny's residence

25  and the ruin of Frances Kenny's reputation and the loss of money.

26      149.  The acts alleged in this complaint against these Defendants constitute an

27  ongoing pattern of conduct and constitute racketeering activities.

28

1

RICO - 18 USC 1962(d)

2      150.  Plaintiffs reallege and incorporate paragraphs 1 through 82 of this complaint,

3   inclusive.

4      151.  Plaintiffs further incorporate paragraphs 82 inclusive 149, of this complaint.

5      152.  The directors and officers of World Savings Bank FSB, and World Savings

6   Bank FSB, conspired with each other to violate 18 U.S.C. §§1962(a), 1962(b), 1962(c)

7   and 1962(d).    The directors and officers of World Savings Bank FSB, and World

8   Savings Bank FSB, acted with the intent to defraud Frances Kenny and to violate the

9   Federal Truth in Lending Act, Regulation Z, Regulation X, the Real Estate Settlement

10  Procedures Act, and the Fair Debt Collection Practices Act.  These Defendants also

11  committed fraud in their actions.

12     153.  They engaged in this conspiracy since July 18, 2002.  The objective of this

13  conspiracy was perpetrate fraud upon Frances Kenny.

14     154.  The objective of this conspiracy was to conceal from the Frances Kenny that

15  World Savings Bank FSB extended nothing to Frances Kenny in exchange for Frances

16  Kenny's promissory note and deed of trust and that she would not be able to repay the

17  "loan."

18     155.  The objective of this conspiracy was to conceal from Frances Kenny that a

19  loan of legal tender did not occur and to require that Frances Kenny pay interest and

20  principal on a debt which Frances Kenny did not owe.

21     156.  The objective of this conspiracy was designed to conceal from Frances

22  Kenny the fact that the residence stood a substantial possibility of being foreclosed on by

23  no fault of her own but as a direct result of Federal Reserve Board monetary policy, a fact

24  which World Savings Bank FSB knew of.

25     157.  Defendant World Savings Bank FSB and the directors and officers of World

26  Savings Bank FSB committed the acts of this complaint beginning on or about July 18,

27  2002 and repeated these acts on at least a monthly basis thereafter. Defendants World

28  Savings Bank FSB and its directors and officers did this by depositing or causing to be

deposited into the United States mail billing statements, letters, demands and notices reaffirming the fraudulent nature of the transaction which occurred on July 18, 2002 and demanding payments from Frances Kenny.  Defendants have continued this patter of conduct to the present time.

158.  Defendants World Savings Bank FSB and its officers and directors have engaged in the pattern of conduct  alleged in this complaint in almost all of their residential "loans."  The acts alleged in this complaint against these Defendants constitute an ongoing pattern of conduct and constitute racketeering activities.

159.  The directors and officers of World Savings Bank FSB as well as World Savings Bank FSB agreed among themselves to commit these acts, and they knew these acts were unlawful and part of a pattern of racketeering activities, activities which they have engaged in the past.

160.  The actions of the directors and officers of World Savings Bank FSB, and World Savings Bank FSB, acting in concert with each other and with the respective financial institutions, have caused injury to Frances Kenny, causing  the potential loss of her residence,  the ruin of reputation, and the loss of money.  They have caused harm by the performance of the acts detailed in this complaint.

## DECLARATORY JUDGMENT

161.  Plaintiffs reallege and incorporate paragraphs 1 through 160 of this complaint, inclusive.

162.  Any federal court may, on the filing of an appropriate pleading, declare the rights and other legal relations of any interested party seeking such determination, whether or not further relief is or could be sought.[8]

163.  An actual controversy has arisen and now exists between Plaintiffs and the Defendants.  This controversy concerns the respective rights and obligations of Plaintiff, of Frances Kenny, and of the Defendants.

---

[8] 28 U.S.C. § 2201 and 2202; Thereafter,  Federal Rule of Civil Procedure 57

164.  Plaintiffs contend that Defendants, by their actions described in this complaint, wilfully, intentionally and negligently violated,  the Federal Truth in Lending Act[9], Regulation Z[10], Regulation X, the Real Estate Settlement and Procedures Act (RESPA)[11], the Fair Debt Collections Act, and committed fraud.

165.  Plaintiffs contend that World Savings Bank FSB was under a legal duty to inform Frances Kenny of the fact that as a result of deliberate monetary policy of the Federal Reserve Board that there was a substantial probability, or possibility, that the residence of 10655 Wexford St #5, San Diego, CA 92131 would be foreclosed upon.

166.  Plaintiffs contend that no loan of money occurred between Frances Kenny and World Savings Bank FSB on July 18, 2002.

167.  It is anticipated that Defendants will dispute these contentions.

168.  Plaintiffs desire a judicial determination of their rights and duties  and the rights and duties of Frances Kenny and of the Defendants.

169.  A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights and duties under the mortgages and promissory note secured by the trust deeds.

170.  Plaintiffs seek a judicial declaration as whether or not the Defendants, and each one of them, violated the Federal Truth in Lending Act[12], Regulation Z[13], Regulation X, and the Real Estate Settlement and Procedures Act (RESPA)[14] and committed fraud.

171.  Plaintiffs seek a judicial declaration that World Savings Bank FSB was under a legal duty to inform Frances Kenny of the fact that as a result of deliberate monetary

---

[9]  15 USC §§1601-1693r.

[10] 12 CFR §§226.1-226.36.

[11] 12 USC § 2601 et seq.

[12]  15 USC §§1601-1693r.

[13] 12 CFR §§226.1-226.36.

[14] 12 USC § 2601 et seq.

1  policy of the Federal Reserve Board that there was a substantial probability, or

2  possibility, that the residence of 10655 Wexford St #5, San Diego, CA 92131 would be

3  foreclosed upon.  Plaintiffs further seek a judicial declaration that World Savings Bank

4  FSB wilfully and deliberately did not make this disclosure to Frances Kenny even though

5  they knew of this fact.

6      172.  Plaintiffs seek a judicial declaration that World Savings Bank FSB did not

7  make a loan of lawful United States money on or about July 18, 2002 to Frances Kenny.

8      173.  Plaintiffs seek a judicial declaration that  what occurred on or about July 18,

9  2002 was an exchange between Frances Kenny and World Savings Bank FSB.

10     174.  Plaintiffs seek a judicial declaration that any alleged loans, mortgages and

11  notes secured by the trust deeds on the property located at 10655 Wexford St #5, San

12  Diego, CA 92131 and resulting from a promissory note of July 18, 2002 are void ab initio

13  and of no force or effect.

14     175.  Plaintiffs seek a judicial declaration that the property located at 10655

15  Wexford St #5, San Diego, CA 92131 and quitclaimed into the Kenny Family Trust on or

16  about May 12, 2004 and held by the trustees of that trust is held free and clear of any liens

17  resulting from the promissory note of July 18, 2002 and the deed of trust of .

18     176.  Plaintiffs seek a judicial declaration that Castle Capital Corporation has no

19  legal interest, no equitable interest, and no entitlement rights to the property located at

20  10655 Wexford St #5, San Diego, CA 92131.

21     177.  Plaintiffs seek a judicial declaration that Castle Capital Corporation

22  committed fraud in obtaining and enforcing any alleged interests Castle Capital claims to

23  have obtained in the property located at 10655 Wexford St #5, San Diego, CA 92131.

24     178.  Plaintiffs seek a judicial declaration that Plaintiffs Scott Heineman and Kurt

25  Johnson are the owners in fee simple of the property located at 10655 Wexford St #5, San

26  Diego, CA 92131 and that Defendants have no interest in the property, and no interest in

27  the property adverse to the Plaintiffs.  The legal description of this property is:

28                Parcel No. 319-460-60-13, in the City of San

Diego, County of San Diego, State of
California, according to Map thereof No.
PM18144, filed as document No. 2002-626765
in the Office of the County Recorder of San
Diego County on July 26, 2002.

FRAUD - MISREPRESENTATION

179.  Plaintiffs reallege and incorporate paragraphs 1 through 82 of this complaint, inclusive.

180.  Defendants World Savings Bank FSB and Castle Capital Corporation knew their representations were false when Defendants made them or made the representations recklessly and without regard for truth.

181.  Defendants World Savings Bank FSB's and Castle Capital Corporation's misrepresentations or nondisclosures were committed with intent to induce Frances Kenny to enter into a transaction whereby Frances Kenny regularly made payments of legal tender to World Savings Bank FSB or vacate the premises in favor of Castle Capital Corporation.

182.  Defendant Castle Capital Corporation did its acts wilfully, knowingly and maliciously and in disregard for the truth and the harm Defendant Castle Capital Corporation was perpetrating upon Frances Kenny and the Kenny Family Trust. In engaging in these actions, Defendant Castle Capital Corporation perpetrated fraud upon Plaintiffs Kenny Family Trust, upon Frances Kenny, upon the court system, and upon others, as yet unidentified..

183.  Frances Kenny reasonably relied on Defendants' misrepresentations.

184.  Frances Kenny suffered injury as a result of this reliance.

FRAUD - CONCEALMENT

185.  Plaintiffs reallege and incorporate paragraphs 1 through 82 of this complaint, inclusive.

186.  Defendants World Savings Bank FSB and Castle Capital Corporation intentionally failed to disclose an important fact to Frances Kenny.

187.  Defendants World Savings Bank FSB and Castle Capital Corporation actively concealed  important facts from Frances Kenny or  failed to disclose these facts to Frances Kenny, facts which were known only to Defendants World Savings Bank FSB and Castle Capital Corporation and facts which Frances Kenny could not have reasonably discovered.

188.  Defendants World Savings Bank FSB's  and Castle Capital Corporation's misrepresentations or nondisclosures were committed with intent to induce Frances Kenny to enter into a transaction whereby Frances Kenny regularly made payments of legal tender to World Savings Bank FSB or vacate the premises in favor of Castle Capital Corporation.

189.  Defendant Castle Capital Corporation did these acts wilfully, knowingly and maliciously and in disregard for the truth and the harm Defendant Castle Capital Corporation was perpetrating upon Frances Kenny and the Kenny Family Trust. In engaging in these actions, Defendant Castle Capital Corporation committed fraud upon Plaintiffs Kenny Family Trust, upon Frances Kenny, upon the court system, and upon others.

190.  Frances Kenny did not know of these concealed facts;

191.  Defendants World Savings Bank FSB and Castle Capital Corporation intended to deceive Frances Kenny  by concealing these facts;

192.  Frances Kenny reasonably relied on Defendants' deception;

193.  Frances Kenny was harmed; and

194.  Defendants' concealment was a substantial factor in causing Frances Kenny's harm.

<div align="center">FRAUD - FALSE PROMISES</div>

195.  Plaintiffs reallege and incorporate paragraphs 1 through 82 of this complaint, inclusive.

196.  Defendant World Savings Bank FSB made a promise of a loan of lawful United States money to Frances Kenny.

197.  Defendants World Savings Bank FSB's misrepresentations or nondisclosures were committed with intent to induce Frances Kenny to enter into a transaction whereby Frances Kenny regularly made payments of legal tender to World Savings Bank FSB, as well as to its successors and assignees.

198.  This promise was important to the transaction;

199.  Defendant World Savings Bank FSB did not intend to perform this promise when Defendant made it;

200.  Defendant World Savings Bank FSB intended that Frances Kenny rely on this promise;

201.  Frances Kenny reasonably relied on Defendant World Savings Bank FSB's promise;

202.  Defendant World Savings Bank FSB did not perform the promised act;

203.  Frances Kenny was harmed; and

204.  Frances Kenny's reliance on Defendants' promise was a substantial  cause of Frances Kenny's harm.

### FRAUD - NEGLIGENT MISREPRESENTATIONS

205.  Plaintiffs reallege and incorporate paragraphs 1 through 82 of this complaint, inclusive.

206.  Defendants World Savings Bank FSB and Castle Capital Corporation represented to Frances Kenny that an important fact was true;

207.  Defendants' representations were not true;

208.  Defendants World Savings Bank FSB's and Castle Capital Corporation misrepresentations or nondisclosures were committed with intent to induce Frances Kenny to enter into a transaction whereby Frances Kenny regularly made payments of legal tender to World Savings Bank FSB or vacate the premises in favor of Castle Capital Corporation.

209.  Defendants World Savings Bank FSB and Castle Capital Corporation had no reasonable grounds for believing the representations were true when Defendants  made

1  them;

2  210.  Defendant Castle Capital Corporation did its acts wilfully, knowingly and

3  maliciously and in disregard for the truth and the harm Defendant Castle Capital

4  Corporation was perpetrating upon Frances Kenny and the Kenny Family Trust. In

5  committing these actions, Defendant Castle Capital Corporation perpetrated fraud upon

6  Plaintiffs Kenny Family Trust, upon Frances Kenny, upon the court system, and upon

7  others.

8  211.  Defendants  intended that Frances Kenny rely on their representation;

9  212.  Frances Kenny reasonably relied on Defendants'  representations;

10  213.  Frances Kenny was harmed;

11  214.  Frances Kenny's reliance on Defendants'  representations was a substantial

12  factor in causing Frances Kenny's harm.

13

14                         CONVERSION

15  215.  Plaintiffs reallege and incorporate paragraphs 1 through 82 of this complaint,

16  inclusive.

17  216.  As a proximate result of Defendant's conversion, Frances Kenny and

18  plaintiffs suffered injuries which are the natural, reasonable, and proximate result of the

19  conversion, all to Plaintiffs' and Frances Kenny's damage in the sum to be established at

20  trial.

21  217.  Between the time of Defendants' conversion of the above-mentioned property

22  to their own use and the filing of this action, Plaintiffs and Frances Kenny were required

23  to expend time and money in pursuit of the converted property, all to Plaintiffs' and

24  Frances Kenny's further damage in the sum to be established at trial.

25  218.  The Defendant's acts in the conversion of Frances Kenny's and Plaintiff's

26  property alleged above were willful, wanton, malicious, oppressive, were undertaken with

27  the intent to defraud, and justify the awarding of exemplary and punitive damages.

28  219.  At the time Defendant converted the property, Defendants were guilty of

1  malice, oppression, and a willful and conscious disregard for the rights of Frances Kenny

2  and Plaintiffs in that Defendant, without making any investigation and with reckless

3  indifference and willful and conscious disregard for the rights of any person who may

4  have had an interest in the converted property, and particularly for the rights of Frances

5  Kenny and Plaintiffs Kenny Family Trust, did convert the property located at 10655

6  Wexford St #5, San Diego, CA 92131 and did convert the monthly payments of Frances

7  Kenny.

8      220.  Further, after knowledge and notice of Frances Kenny's and Plaintiffs'

9  interest in the converted property was given to Defendants, Defendants failed and refused,

10 and continue to fail and refuse, to return the property. By reason of these acts Plaintiffs

11 and Frances Kenny have been oppressed and seek punitive and exemplary damages.

12                                 EXTORTION

13     221.  Plaintiffs reallege and incorporate paragraphs 1 through 82 of this complaint,

14 inclusive.

15     222.  Defendant World Savings Bank FSB obtained the monthly payments of

16 money, and payments of money, from Frances Kenny, with Frances Kenny's consent,

17 which consent was induced by a wrongful use of fear, using among other actions,  threats

18 of foreclosure.

19     223.  Defendant World Savings Bank FSB made these demands falsely,

20 maliciously, intentionally, and with intent to defraud Frances Kenny.

21     224.  By reason of these acts, Plaintiffs and Frances Kenny have been oppressed

22 and seek punitive and exemplary damages.

23

24                 CALIFORNIA UNFAIR BUSINESS PRACTICES

25     225.  Plaintiff realleges and incorporates by reference paragraphs 1 through 82 of

26 this complaint.

27     226.  By commission of the acts alleged in this complaint, defendants committed

28

fraud, violated the Real Estate Settlement and Procedures Act (RESPA)[15], violated the Federal Truth in Lending Act (TILA)[16], the Federal Fair Debt Collection Act[17], Racketeering Influence and Corruptions Act (RICO)[18], committed extortion, and unlawfully converted Frances Kenny and Plaintiffs' property.

227.  By commission of the acts alleged in this complaint, defendants  World Savings Bank FSB and its officers and directors and Castle Capital Corporation engaged in and committed unlawful, unfair, or fraudulent business acts or practices.

228.  By commission of the acts alleged in this complaint, defendants World Savings Bank and its officers and directors and Castle Capital Corporation engaged in unfair, deceptive, untrue, or misleading advertising.

229.  By commission of the acts alleged in this complaint, defendants World Savings Bank and its officers and directors and Castle Capital Corporation violated California Business and Professions Code §17200.

230.  By commission of the acts alleged in this complaint, World Savings Bank and its officers and directors and Castle Capital Corporation violated California Business and Professions Code §17500.

## QUIET TITLE

231.  Plaintiffs Scott Heineman and Kurt Johnson, as trustees, and the Frances Kenny Family Trust are the sole owners in the fee simple title of certain real property, namely 10655 Wexford St #5, San Diego, CA 92131.  The legal description of the property is:

> Parcel No. 319-460-60-13, in the City of San Diego, County of San Diego, State of California, according to Map thereof No. PM18144, filed as document No. 2002-626765 in the

---

[15] 12 USC § 2601 et seq.

[16]  15 USC §§1601-1693r.

[17] 15 U.S.C. §§ 1692 et seq

[18] 18 USC 1962

Office of the County Recorder of San Diego County on July 26, 2002.

232.  The basis of Plaintiffs' title is the quit claim deed executed by grantor, Frances Kenny, granting all interest Frances Kenny had in the to Plaintiffs dated on or about May 12, 2004, and recorded in the Official Records of the County of San Diego.

233.  Plaintiffs Scott Heineman and Kurt Johnson, as Trustees, and the Frances Kenny Family Trust were seised of the above-described property within five years of the commencement of this action.

234.  Plaintiffs are informed and believe and on such information and belief alleges that World Savings Bank FSB and Castle Capital Corporation claim an interest adverse to Plaintiffs in the above-described property as holders of a deed of trust, secured by fraud, executed on  and recorded in the Official Records of the County of San Diego.

235.  Plaintiffs are seeking to quiet title against the claims of Defendants.

236.  The claims of Defendants are without any right whatsoever and such Defendants have no right, title, estate, lien, or interest whatsoever in the above-described property or any part thereof.

PRAYER

WHEREFORE, Plaintiffs, pray for judgment on all causes of action against Defendants as follows:

1.  For a preliminary and permanent injunction enjoining Defendants, their successors, agents, representatives, employees and all persons acting in concert with them, from representing that World Savings Bank FSB engages in loaning of lawful United States money thru its mortgage loans.

2.  For a preliminary and permanent injunction enjoining Defendants, their successors, agents, representatives, employees and all persons acting in concert with them, from representing that an indebtedness occurs on the part of the borrower or World Savings Bank FSB in mortgage or trust deed loans.

3.  For a preliminary and permanent injunction enjoining Defendants, their

successors, agents, representatives, employees and all persons acting in concert with them, from misrepresenting the fact that the promissory note secured by a deed of trust in a mortgage "loan" is anything other than the funding source used to fund the draft which is to be issued by World Savings Bank FSB.

4.  For a preliminary and permanent injunction enjoining Defendants, and each of them, their successors, agents, representatives, employees and all persons acting in concert with them, from misrepresenting the fact that the promissory note secured by a deed of trust in a mortgage "loan" is anything other than an equal exchange of between the customer and World Savings Bank FSB.

5.  For a preliminary and permanent injunction enjoining Defendants, and each of them, their successors, agents, representatives, employees and all persons acting in concert with them, from concealing the accounting practices of World Savings Bank FSB whereby it extends "loans" using a customer's promissory note as a monetary reserve upon which it may lend additional funds.

6.  For a preliminary and permanent injunction enjoining Defendants, and each one of them, their successors, agents, representatives, employees and all persons acting in concert with them from concealing the fact that a significant number of borrowers will be unable to repay loans of the kind extended to Frances Kenny through no fault of their own but as a result of deliberate monetary policy of the Federal Reserve Board

7.  For a judicial declaration that the Defendants, and each one of them, violated the Federal Truth in Lending Act, Regulation Z, Regulation X, and the Real Estate Settlement and Procedures Act (RESPA).

8.  For a judicial declaration that the Defendants, and each one of them, committed fraud.

9.  For a judicial declaration that World Savings Bank FSB did not make a loan of lawful United States money on or about July 18, 2002 to Frances Kenny .

10.  For a judicial declaration that what occurred on or about July 18, 2002 was an exchange of credits between World Savings Bank FSB and Frances Kenny.

11.   For a judicial declaration that any alleged loans, mortgages and notes secured by the trust deeds on the property located at 10655 Wexford St #5, San Diego, CA 92131 and resulting from a promissory note of July 18, 2002 an in the amount of $262,500.00 are void and of no force or effect.

12.   For a judicial declaration and judgement that the property located at 10655 Wexford St #5, San Diego, CA 92131 and quitclaimed into the Kenny Family Trust on on or about May 12, 2004 and held by the trustees of that trust is held free and clear of any liens resulting from the promissory note of July 18, 2002 and the deed of trust of May 13, 2004.

13.   For a judicial declaration and judgement that Castle Capital Corporation has no legal nor equitable interest in the property located at 10655 Wexford St #5, San Diego, CA 92131, nor does he have any entitlement rights.

14.   For a judicial declaration and judgement that Plaintiffs Scott Heineman and Kurt Johnson as trustees, and the Kenny Family Trust are the owners in fee simple of the property located at 10655 Wexford St #5, San Diego, CA 92131, and that Defendants have no interest in the property adverse to the Plaintiffs.

15.   For equitable ancillary relief to Plaintiff in the form of a grant of quiet title to property located at 10655 Wexford St #5, San Diego, CA 92131 and in the name of Kenny Family Trust pursuant to 18 U.S.C. §1964 (RICO);

16.   For an award of damages pursuant to 15 U.S.C. 1640(a) (TILA) in an amount equal to two times the amount of the alleged finance charges sought by World Savings Bank FSB in connection with the alleged mortgage loan transaction with Frances Kenny;

17.   For an order directing Defendants to disgorge all monies, including any profits, gained as a result of their violations of the FDCPA, the RESPA and the TILA;

18.   For an order mandating Defendants, and each of them, their successors, agents, representatives, employees and all persons acting in concert with them, to disclose the fact that Defendant World Savings Bank FSB will convert the promissory note into an asset, which it would characterize as a monetary reserve and by which it would generate

1    additional loans of credits to other bank customers;

2         19.  For compensatory damages;

3         20.  For compensatory damages, said sum to be trebled pursuant to 18 U.S.C.

4    §1964(c) (RICO);

5         21.  For reasonable attorney's fees and costs of suit;

6         22.  For reasonable attorney's fees and cost of suit incurred herein pursuant to 15

7    U.S.C. 1692(k) (FDCPA);

8         23.  For reasonable attorney's fees and cost of suit incurred herein pursuant to 12

9    U.S.C. §§2605(f) and 2607 (RESPA);

10        24.  For reasonable attorney's fees and cost of suit incurred herein pursuant to 15

11   U.S.C. 1640(a) (TILA);

12        25.  For reasonable attorney's fees and cost of suit incurred herein pursuant to 18

13   U.S.C. 1964(c) (RICO);

14        26.  For punitive damages;

15        27.  For such other and further relief as the court may deem proper.

16

17                              Respectfully submitted,

18

19

20                     By: _____
                           Thomas Spielbauer
21                         California State Bar Number 78281
                           The Spielbauer Law Firm
22                         50 Airport Parkway
                           San Jose, CA  95110
23                         Telephone: (408)835- 2067
                           Temporary Fax: (510)475-5531
24                         Email:  thomas@spielbauer.com

25                         ATTORNEY IN CHARGE FOR PLAINTIFFS KENNY
                           FAMILY TRUST, SCOTT HEINEMAN AND KURT
26                         JOHNSON AS TRUSTEES AND REPRESENTATIVES
                           FOR FRANCES KENNY.

27

28

1

**Table of Contents**

2

3   JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

4   PLAINTIFF'S DEMAND FOR JURY TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

5   PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

6   CONDITIONS PRECEDENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

7   ADDITIONAL FACTS OF STANDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

8   FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

9   CAUSES OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

10          RESPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

11          FAIR DEBT COLLECTION PRACTICES . . . . . . . . . . . . . . . . . . . . . . . . . -12-

12          TRUTH IN LENDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

13          RICO - 18 USC 1962(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

14          RICO - 18 USC 1962(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-

15          RICO - 18 USC 1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -18-

16          RICO - 18 USC 1962(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-

17          DECLARATORY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

18          FRAUD - MISREPRESENTATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

19          FRAUD - CONCEALMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-

20          FRAUD - FALSE PROMISES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-

21          FRAUD - NEGLIGENT MISREPRESENTATIONS . . . . . . . . . . . . . . . . . . -26-

22          CONVERSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -27-

23          EXTORTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

24          CALIFORNIA UNFAIR BUSINESS PRACTICES . . . . . . . . . . . . . . . . . . -28-

25          QUIET TITLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -29-

26   PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -30-

27

28