1   Thomas Spielbauer, Esq.
    SBN 78281
2   THE SPIELBAUER LAW FIRM
    50 Airport Parkway
3   San Jose, CA 95110
    (408)451-8499
4   Fax: (510)475-5531
    thomas@spielbauer.com
5
    Attorneys for the Kenny Family Trust
6   and for Scott Heineman and Kurt Johnson as Trustees and Representatives

7                  IN THE UNITED STATES COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

| | |
|---|---|
| 9  THE FRANCES KENNY FAMILY TRUST; SCOTT HEINEMAN AS TRUSTEE; KURT JOHNSON, AS TRUSTEE; AND SCOTT HEINEMAN AND KURT JOHNSON AS INDIVIDUAL ASSIGNEES ON BEHALF OF KENNY, | No. C 04 3724 WHA |
| | [Assigned to the Hon. William Alsup] |
| Plaintiffs. | RESPONSE TO DEFENDANT WORLD SAVINGS BANK'S MOTION TO DISMISS |
| v.s. | DATE:   November 4, 2004 |
| WORLD SAVINGS BANK FSB; THE DIRECTORS AND OFFICERS OF WORLD SAVINGS BANK FSB;AND CASTLE CAPITAL CORPORATION, | TIME:    8:00 A.M.<br>CTRM:   19 |
| Defendants. | |

**I.**

**INTRODUCTION AND SUMMARY OF ARGUMENT**

It is unfortunate that counsel for Defendants is attempting to engage in character assassination of Plaintiffs and their attorney in his motion to dismiss. His efforts necessarily require him to go outside the four corners of the complaint and is intended to prejudice this Court against Plaintiff from the outset. A second purpose is to distract this Court from the merits of the complaint and the frivolity of Defendant's Motion to Dismiss. Counsel for Plaintiff is prepared to fully respond in kind. However, vitriol is not productive in this legal setting. As a result, Plaintiff's counsel will spare this Court a response in kind and will simply address the issues. Plaintiff's counsel simply asks this Court to take notice of Defendant's efforts.

-1-

1         This action is brought by Scott Heineman and Kurt Johnson on behalf of the Frances

2    Kenny Family Trust and as assignees of Frances Kenny against World Savings Bank, FSB, the

3    Officers and Directors of World Savings Bank, FSB, and Castle Capital Corporation. The claims

4    asserted arose from Kenny's execution of a promissory note in the amount of $210,000.00

5    secured by a first deed of trust on real property located at 10655 Wexford Street #5, San Diego,

6    California (hereinafter the Property).

7         Defendant bases it's Motion to Dismiss under Rule 8 for lack of a concise statement in

8    Plaintiffs' original Complaint. The basis of Plaintiffs' original Complaint is Defendant's

9    fraudulent non-disclosure and concealment during and after the mortgage contracting process.

10         The crux of Plaintiffs' claim is that when the promissory note had been executed,

11    Defendant intentionally failed to provide Frances Kenny notice that there would be no actual

12    lending of money, that a bi-furcated transaction was being initiated whereby Defendant

13    established an account in its favor funding the note, and that due to the nature of Defendant's

14    mortgage procedures, Defendant would have exchanged nothing of value for Kenny's note.

15    Essentially, that Defendant executed an illusory contract, a contract of adhesion, engaged in acts

16    of unconscionability in the contracting process, fraudulently induced Kenny into a one sided

17    contracting process, altered the terms of the original contract, and failed to disclose essential

18    details about the contract that Defendant had full knowledge of and which Kenny could not have

19    ascertained without Defendants assistance.

20         The actions complained of in Plaintiffs' amended complaint are essentially fraud - fraud

21    in its acts, fraud in non-disclosure, and fraud in concealment.

22         Plaintiffs acknowledge that the Federal Reserve Board and its system banks have the

23    legal power to engage in fractional reserve banking and the creation of non-existent money,

24    accounting figure money.  Plaintiffs do not complain of this.

25         Plaintiffs do complain, however, of the fact that the Defendant, World Savings Bank,

26    represents that it is loaning legal tender or lawful money, in effect federal reserve notes, when in

27    fact it is lending nothing. If a loan can be described, it is a "loan" of accounting figures and a

28    "loan" of the "confidence" consumers and vendors place in the bank's paper. It is a true

1  con(fidence)-operation.

2       While the bank has the legal right to create money out of thin air, it does not have the

3  right to conceal this and misrepresent to the "borrower" that it is lending legal tender. World

4  Savings Bank not only does this, it even demands repayment of its "loan" of bookkeeping figures

5  with the payment of lawful United States money (in today's world, Federal Reserve notes).

6       The reality is that World Savings Bank used Frances Kenny's promissory note to create

7  the credit (monetized it) it extended to Frances Kenny. There was nothing more than an

8  exchange of credits. This is difficult to understand unless one understands fractional reserve

9  banking and our debt-based economy.

10      Plaintiffs also acknowledge that the federal reserve system has the legal right to

11  manipulate the economy and monetary system of the United States. This includes the ability of

12  the Federal Reserve Board to deliberately and scientifically create (or avoid) economic conditions

13  which will make borrowers unable to repay these "loans" and thereby lose their homes. World

14  Savings Bank knows this at the time it is making its "loan" and deliberately fails to disclose this

15  material fact. There is nothing happenstance about this. It is this lack of disclosure, this

16  concealment of material fact, which the plaintiffs complain of.

17      Plaintiffs do not argue concerning the specie of money or legal tender, gold and silver

18  versus the Federal Reserve note. This was the issue in Defendant's cited case of *Horne et Al. v.*

19  *Federal Reserve Bank of Minneapolis*[1] as well as issues in *Kolb, et al. v. Frank W. Naylor et al.*[2]

20  *Kolb* further dealt with Farm Credit Act of 1971[3] which does not apply to this case. Plaintiffs do

21  not maintain that the federal income tax nor the federal reserve nor the monetary system of the

22  United States are unconstitutional, as was the case in *Koll v. Wayzata State Bank et al.*[4] Plaintiffs

23  acknowledge that the Federal Reserve note is legal tender.

24

25       [1] *Horne et Al. v. Federal Reserve Bank of Minneapolis* (1965) 344 F.2d 725.

26       [2] *Kolb, et al. v. Frank W. Naylor et al.* (1987) 658 F. Supp. 520.

27       [3] 12 U.S.C. § 2001, et seq.

28       [4] *Koll v. Wayzata State Bank et al.* (1968) 397 F.2d 124.

1    The allegations of fraud made in this complaint are analogous to the sale of tobacco
2    cigarettes. Whatever one's personal views of smoking, cigarettes are legal and constitutional.
3    However, to say that cigarette smoking is good for health is a fraud. Yet this is exactly what
4    many cigarette companies used to advertise prior to 1970. Few people remember the days when
5    cigarettes packs carried no warning labels, when cigarettes were advertised as being helpful for
6    one's health, when smoking was associated with youth and sophistication, not with any risk to
7    health.

8    Nearly forty years ago, Big Tobacco placed disclosures on its products warning about the
9    dangers of cigarette smoking, thereby giving individuals the opportunity of deciding on an
10   informed basis as to whether they wanted to participate in this behavior.

11   If there is a longer-term resolution which can be ascribed to plaintiffs, that remedy is to
12   make the banking institutions to produce similar disclosures to customers who seek to borrow the
13   bank's bookkeeping figures. The remedies for fraud permit this.

14                                          **II.**

15                          ***THE MONEY MASTERS*, EXHIBIT 1**

16   Counsel for Plaintiff has attached to this response Exhibit 1, which counsel seeks to move
17   into evidence by the attached affidavit of Dr. Larry Bates. It is critical that this Court view the
18   attached documentary, the foundation, authenticity and relevancy of which is established by Dr.
19   Bates. The documentary is approximately three and a half hours in length and discusses the
20   history of the private central bank, the history of the Federal Reserve Board and system, and the
21   concept of fractional reserve banking. It explains our economic system, our debt-based
22   economy, and the role of factional reserve banking in all of this. This very video is
23   demonstrative evidence which counsel for plaintiff will introduce at a jury trial in this matter.

24   It is essential that this Court view the video. This documentary is critical in its
25   educational value and in establishing a foundation of merit to Plaintiff's claims. Our current
26   banking system, legalized by Congress, is ironically effectively veiled from public view. Our
27   educational system is deficient for failing to effectively teach concerning our monetary and
28   banking system. As but two examples, the vast majority of people believe that the Federal

1    Reserve is a governmental agency in the same way as is the United States Treasury Department.

2    The vast majority of people do not comprehend the concept of fractional reserve banking nor its

3    application in every day life. Its exposure to the light of day, in simplified terms, and defendant's

4    manipulation of it makes readily apparent the fraud which plaintiffs allege in their complaint.

5         It is this exposure which defendant will most vigorously take exception to. Yet it is this

6    knowledge which is so critical to this Court and to the ultimate trier of fact. The court will at the

7    minimum need to view the video to ascertain whether defendant's objections have merit.

8                                            **III.**

9                                   **LEGAL ARGUMENT**

10   **A.    FEDERAL RULE OF CIVIL PROCEDURE RULE 8**

11        A pleading which sets forth a claim for relief shall contain a short plain statement of the

12   claim showing that the pleader is entitled to relief. [5] The rules of civil procedure do not require

13   the pleadings to detail the facts or plead legal theories, rather the standard used to determine

14   proper dismissal of a claim is whether it appears *beyond a reasonable doubt that the party is*

15   *unable to prove no set of facts entitling them to relief.*[6] "The Federal Rules of Civil Procedure do

16   not require a claimant to set out in detail the facts upon which he bases his claim. To the

17   contrary, all the Rules require is "a short and plain statement of the claim" that will give the

18   defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[7] When

19   a federal court reviews the sufficiency of a complaint, before the reception of any evidence

20   either by affidavit or admissions its task is necessarily a limited one, the issue is whether the

21

22   _____

23        [5] Fed. R. Civ. Proc. Rule 8(a)(2); see also *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771,
     775 (7th Cir. 1994); *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993); Fed. R. Civ. Proc. Rule 84 (The forms
24   contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the
     simplicity and brevity of statement which the rules contemplate).

25        [6] *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102 (1957) (*emphasis added*).

26        [7] Id. 355 U.S. at 47; see also *Swierkiewicz v. Sorema*, 534 U.S. 506, 513, 122 S.Ct. 992, 998
     (2002); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168,
27   122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993); *Perfect 10 v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114,
     1119 (2001); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997); *Hull v. D & J*
28   *Sports, Inc.*, 2004 U.S. Dist. LEXIS 15798

1 | claimant is entitled to offer evidence to support the claims.[8]

2 | Notice pleading is made possible by the liberal opportunity for discovery and the other

3 | pretrial procedures established by the Rules to disclose more precisely the basis of both claim

4 | and defense and to define more narrowly the disputed facts and issues.[9]   It is incongruous to

5 | measure a plaintiff's complaint against a particular formulation of the prima facie case at the

6 | pleading stage.[10]  Dismissal of an action prior to discovery makes determination of the required

7 | prima facie case impossible to ascertain; this is why measuring a plaintiffs' case at the pleading

8 | stage is inappropriate.[11]

9 | Here, it is evident that Defendant was able to ascertain the claims asserted, at least

10 | understood them enough to conduct research on the internet concerning the character of

11 | Plaintiffs' counsel, Heineman, and Johnson, assert privileges under the California Insurance

12 | Code and 12 CFR 229, and misargue cases such as *Kolb*, *Horne*, and *Koll* which Defendant

13 | raises to assert validity of the underlying loan agreement.  Plaintiffs' do not argue the specie of

14 | money nor the Federal Reserves authority to set monetary policy as was the issue in each of the

15 | cases cited by Defendant.

16 | As banking and financing is an area of commerce outside the scope of most professionals

17 | knowledge, Plaintiff would like to proffer the attached "Money Masters" documentary on the

18 | fractional reserve banking system. (Exhibit 1). Plaintiffs advance this documentary explaining

19 | the history of the American banking system and how the fractional reserve banking system

20 | impacts the economy. Furthermore, Plaintiffs will seek to advance this demonstrative evidence at

21 | trier in an effort to educate the trier of fact of the fractional reserve banking system and how it is

22 | used to create mortgage loans.

---

24 | [8] *Swierkiewicz*, 534 U.S. at 511; see also *Perfect* 10, 167 F. Supp. 2d at 1119, *Gilligan*, 108 F.3d
25 | at 249.

26 | [9] *Conley*, 355 U.S. at 48;  Following the simple guide of Rule 8 (f) that "all pleadings shall be so construed as to do substantial justice." Id.

27 | [10] *Id*.

28 | [11] *Id*.

1    Due to the complexity of fractional reserve banking and lack of knowledge of the average

2    consumer the length of Plaintiffs' Complaint was merely an attempt to explain the harm inflicted

3    by Defendant in it's participation in the mortgage lending system and failure to disclose the true

4    nature of the transaction. Therefore Defendant's request to dismiss pursuant to Rule 8 has no

5    merit by virtue of it's own Motion. This is demonstrated by the ability to determine the legal

6    claims asserted, research somewhat related case and statutory law, and frame the defenses

7    articulated in Defendant's Motion to Dismiss.

8    **B. STANDARD EMPLOYED FOR DETERMINING THE VALIDITY OF A MOTION**
9    **TO DISMISS PURSUANT TO 12(b)(6).**

10    In reviewing a Rule 12(b)(6) motion, the court must presume the truth of the factual

11    allegations in the complaint, and draw all reasonable inferences in favor of the non-moving

12    party.[12] Dismissal under Rule 12(b)(6) is appropriate "only if it is clear that *no relief* could be

13    granted under any set of facts that could be proved consistent with the allegations."[13] The issue is

14    not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer

15    evidence to support the plaintiff's claim.[14]

16    A complaint is subject to dismissal under FRCP 12(b)(6) when the facial allegations

17    show an affirmative defense bars recovery on the claim unless plaintiff's allegations state a claim

18    of violation of clearly established law.[15] A court's task is merely to assess the legal feasibility of

19

20

21

22    [12] *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 642, 119 S. Ct. 1661, 1666, 43 L. Ed. 2d
23    839, 847 (1999); see also *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325, 114 L. Ed. 2d 366, 111 S. Ct.
      1842 (1991); *Perfect 10 v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1119 (2001); *Parks Sch. of
24    Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Usher v. City of Los Angeles*, 828 F.2d 556,
      561 (9th Cir. 1987).

25    [13] *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984) (*emphasis
      added*).
26
      [14] See *Usher*, 828 F.2d at 561.
27
28    [15] *Cottone v. Jenne*, 326 F.3d 1352 , 1357 (11th Cir. 2003); see also *Gallardo v. Dicarlo*, 203 F.
      Supp. 2d 1160, 1164 (2002).

1    the complaint, not to assay the weight of evidence offered in support thereof.[16]

2         Due to the complexity of the claims involved, evidence being held solely in Defendant's

3    custody, and that Plaintiff's burden for establishing a claim cannot be fully ascertained until after

4    discovery, Defendant's Motion to Dismiss all causes of action is premature, ill timed, and  fails

5    to recognize the Court's obligation to allow amendment of the Complaint in order to clarify the

6    allegations if such be necessary.  Furthermore, the Complaint itself is legally feasible pending

7    further proceedings and does state a claim of established laws in the areas of contracting,

8    business and commercial law, and Federal statute. Additionally, Defendant has failed to establish

9    Plaintiffs' claims clearly indicate that "*no relief* could be granted under any set of facts that could

10   be proved consistent with the allegations." Therefore, Defendant's Motion to Dismiss pursuant to

11   12(b)(6) should be stricken in its entirety and it be compelled to respond to Plaintiffs' Complaint.

12

13   **C.   DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PLEAD FRAUD
          WITH PARTICULARITY SHOULD BE DISMISSED BECAUSE PLAINTIFFS'**
14        **PLEAD FRAUD WITH THE INFORMATION AVAILABLE TO THEM AT THE
          TIME OF FILING THE COMPLAINT.**
15

16        In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall

17   be stated with particularity.[17]   The purpose of Rule 9(b) is to provide notice, not to test the

18   factual allegations of the claim.[18]   To comply with Rule 9(b), allegations of fraud must be

19   "specific enough to give defendants notice of the particular misconduct which is alleged to

20   constitute the fraud charged so that they can defend against the charge and not just deny that they

21   have done anything wrong."[19]  Under Ninth Circuit law, Rule 9(b) requires particularized

22   _____

23        [16] *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, L.L.P.*, 322
     F.3d 147, 158 (11th Cir. 2003); see also  *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities*
24   *Inc.*, 748 F.2d 774, 779 (2d Cir. 1984).

25        [17] Fed. R. Civ. Proc. 9(b).

26        [18] *Morganroth & Morganroth v. Norris, McLaughlin, & Marcus, P.C.*, 331 F.3d 406, 414 n.2 (3rd
     Cir. 2003); see also *Gutman v. Howard Savings Bank*, 748 F. Supp. 254, 257 (D. N.J. 1990).
27
          [19] *Bly-Magee v. California*, 236 F.3d 1014, 1019 (2001); see also *Neubronner v. Milken*, 6 F.3d
28   666, 672 (9th Cir. 1993).

allegations of the circumstances constituting fraud.[20]  "The plaintiff must, in her pleading, include the time, place, and nature of the alleged fraud, and "mere conclusory allegations of fraud are insufficient" to satisfy this requirement; a plaintiff must plead more than neutral facts to identify the transaction."[21]

Additionally, pursuant to Federal Rule of Civil Procedure 11 (b)(3) by advancing the complaint, the attorney is certifying to the best of his knowledge formed after a reasonable inquiry "are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."[22]  Despite Rule 9(b)'s stringent requirements, however, courts should be sensitive to the fact that application of the rule prior to discovery may permit sophisticated defrauders to successfully conceal the details of their fraud and therefore where facts pertinent to a fraud allegation lies almost exclusively with the defendant the rule should be relaxed.[23]

Here, Plaintiffs have pled fraud with as much particularity as is available considering the majority of evidence pertaining to the monetization of the promissory note, Defendant's knowledge and or intent, and actual securitization of the Property lies in Defendant's hands. Additionally, the Complaint identifies the particular transaction complained of, the dates related to the transaction forming the basis of fraud, the nature of the fraud alleged, and all actors engaging in the fraud complained of with as much specificity as is available before discovery. Furthermore, many of the facts surrounding the instances of fraud alleged will be contained within Defendant's general accounting ledgers and therefore under the case law asserted

---

[20] *United States ex rel. McCarthy v. Straub Clinic & Hosp.*, 140 F. Supp. 2d 1062 (9th Cir. 2001); see also *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc).

[21] *Id.*; see also *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir 1989) (Allegations of fraud which form the basis of a RICO claim must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme.).

[22]  *Rotella v. Wood*, 528 U.S. 549, 561, 120 S. Ct. 1075, 1083 (2000).

[23] *Rotella*, 528 U.S. at 561; see also *Corley v. Rosewood Care Center, Inc. of Peoria*, 142 F.3d 1041, 1050-1051 (CA7 1998) (relaxing particularity requirements of Rule 9(b) where RICO plaintiff lacks access to all facts necessary to detail claim); *United States v. Smithkline Beecham Clinical Labs.*, 245 F.3d 1048, 1052 (9th Cir. 2001); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987); *Deutsch v. Flannery*, 823 F.2d 1361, 1366 (9th Cir. 1987); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997).

1    Plaintiffs request that this Court deny Defendant's Motion to dismiss pursuant to Rule 9

2    and allow discovery in the matter.

3    **D.    BEFORE GRANTING A MOTION TO DISMISS THE COURT IS**
     **OBLIGATED TO GRANT LEAVE TO AMEND OR CLARIFY UNDER**
4    **RULE 15(a).**

5

6    We consistently have held that leave to amend should be granted unless the district court

7    "determines that the pleading could not possibly be cured by the allegation of other facts."[24]

8    This approach is required by Federal Rule of Civil Procedure 15(a), which provides that leave to

9    amend should be freely granted "when justice so requires."[25]

10   Here, although there has been an Amended Complaint, there has been no modification of

11   the original Complaint that was ordered by this Court. Defendant has demonstrated that

12   articulable claims can be gleaned from the contents of the Complaint by advancing a series of

13   affirmative defenses and raised it's own claims of fraud and impropriety. In fact Defendant has

14   gone so far in forming defenses against the claims asserted that it cites positive law as a defense.

15   Should the Court determine Plaintiffs Complaint somehow defective or lacking despite evidence

16   to the contrary Plaintiffs request that they be allowed time to amend the Complaint and resubmit

17   pursuant to FRCP 15(a).

18   **E.    DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IS ENDEMICALLY**
     **DEFECTIVE AND SHOULD BE DECLINED.**
19

20   A judicially noticed fact must be one not subject to reasonable dispute in that it is either

21   (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate

22   and ready determination by resort to sources whose accuracy cannot reasonably be questioned.[26]

23   By taking judicial notice of a fact whose application is in dispute, the court removes the weapons

24

25   [24] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

26   [25] *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962) (Rule 15(a)'s
     mandate "is to be heeded"); see also *Nelson v. Adam USA Inc.*, 529 U.S. 460, 466, 120 S. Ct. 1579, 1584
27   (2000).

28   [26] Fed. R. Evid. 201(b).

1  of rebuttal evidence, cross-examination, and argument from the parties and raises doubt as to

2  whether the parties received a fair hearing.[27]  The effect of taking judicial notice under Rule 201

3  is to preclude a party from introducing contrary evidence and, in effect, directing a verdict

4  against him as to the fact noticed.[28]  Judicial notice is not appropriate where so many variables

5  are in play.[29]

6      The Ninth Circuit has repeatedly held that taking judicial notice of findings of fact from

7  another case exceeds the limits of Rule 201.[30]  In fact it is common knowledge among the

8  Federal Courts that a court may not take judicial notice of findings of fact from a different case

9  for their truth.[31]  "There is a mistaken notion that taking judicial notice of court records . . .

10  means taking judicial notice of the existence of facts asserted in every document of a court file,

11  including pleadings and affidavits.  The concept of judicial notice requires that the matter which

12  is the proper subject of judicial notice be a fact that is not reasonably subject to dispute. Facts in

13  the judicial record that are subject to dispute, such as allegations in affidavits, declarations, and

14  probation reports, are not the proper subjects of judicial notice even though they are in a court

15

16

17

18
19  [27] *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1294 (9th Cir. 2003); *see also General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1083 (7th Cir. 1997).

20  [28] Id.

21  [29] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 n.11, 125 L. Ed. 2d 469, 113
22  S. Ct. 2786 (1993) (describing those scientific theories of which courts may take judicial notice as those theories "so firmly established as to have attained the status of scientific law, such as the laws of thermodynamics").

23  [30] *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2002); see also *M/V Am. Queen v. San Diego
24  Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (stating general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of
25  evidence, facts essential to support a contention in a cause then before it").

26  [31] *Wyatt*, 315 F.3d at 1114 n.5; see also *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir.
1998); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998);
27  *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082-83 (7th Cir. 1997) & n.6; *Orix
Credit Alliance, Inc. v. Delta Res., Inc.* (In re Delta Res., Inc.), 54 F.3d 722, 726 (11th Cir. 1995); *United
28  States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Holloway v. Lockhart*, 813 F.2d 874, 878-79 (8th Cir.
1987).

-11-

1    record."[32]

2    Defendant's request for judicial notice fails all elements articulated in the Federal Rules

3    of Evidence 201. First, the fact requested is subject to a reasonable dispute by Plaintiffs as the

4    accusation is one based solely on Defendant's speculation about what it read off the internet.

5    Second, although existence of the internet is a fact the Court may take notice of because it is

6    "generally known," the website Defendant refers to is not generally known as evidenced by

7    Defendants own exhaustive search of the billions of websites available through the internet.

8    Third, the facts Defendant wishes the Court to take notice of are not capable of ready

9    determination by sources whose accuracy cannot be reasonably questioned. As the internet is a

10   forum of communication, the contents of any website is subject to a reasonable dispute

11   concerning the accuracy of facts asserted.

12   Another point of error Defendant made was pointing to the currently pending Complaints

13   filed by Plaintiffs. The cases cited by Defendant fail to meet the criteria established in Civil Local

14   Rule 3-12(b)(1) & (2) in that these cases do not involve the same parties, property, transactions,

15   events, or legal question. In fact, with the exception of a single instance all the parties differ from

16   each other, have varying fact patterns, and varying claims. Furthermore, Defendant's request for

17   notice fails to explain how these cases would be unduly burdensome or pose significant risk of

18   differing determinations. Requesting Judicial Notice of these facts is plain error on the part of

19   Defendant as well seeks to violate Federal Rules of Evidence 201,401, 402, 403 and 404.

20   Plaintiffs request Defendant's request for Judicial Notice, both express and subtextual, be denied.

21   **F.    BY REFERENCING CASES AND MATTERS OUTSIDE THE PLEADING**
22   **DEFENDANT HAS CONVERTED THE MOTION TO DISMISS**
     **PURSUANT TO 12(b)(6) INTO A MOTION FOR SUMMARY JUDGMENT**
23   **PURSUANT TO RULE 56.**

24   Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that

25

26

27

28   [32] *Rivera v. Hamlet*, 2003 U.S. Dist. LEXIS 21387 (2003) citing B. Jefferson, California Evidence
     Benchbook (3d ed. 2003 update), § 47.10.

-12-

1  motion is thereby converted into a Rule 56 Summary Judgment motion.[33] "Evidence outside the

2  pleadings cannot generally be considered in deciding a Fed. R. Civ. P. 12(b)(6) motion to

3  dismiss. When such a motion relies on matters outside the pleadings, the motion is converted

4  into a Fed. R. Civ. P. 56 motion for summary judgment."[34] To survive a motion for summary

5  judgment the non-movant must establish there is a genuine issue of material fact.[35]

6      By referencing internet sites, the presentment papers advanced by Plaintiffs to Defendant,

7  and other complaints filed by Plaintiffs Defendant has converted it's Motion to Dismiss pursuant

8  to Rule 12(b)(6) into a motion for summary judgment pursuant to Rule 56. Defendant's

9  reference to obviously disputable character evidence and request for Judicial Notice is an obvious

10 attempt to distract the Court from the merits of Plaintiffs' claims. Compounding Defendant's

11 attempt to mislead the Court are the constant misquoting of Plaintiffs' issues and claims, misuse

12 of case law to create bias, and constant personal attacks directed at Plaintiffs and their counsel.

13 Accordingly Plaintiffs have established the existence of a genuine issue of material fact in that

14 there are claims of fraud, unconscionability in the contracting process, the contract at issue is

15 adhesive, that execution of the mortgage loan in this manner is illusory, and Plaintiffs have met

16 the burden of surviving a summary judgment. Therefore, Plaintiffs request this Court enter

17 judgement against Defendant pursuant to FRCP 56 and order the relief requested in the

18 Complaint.

19                              **III.**

20                          **CONCLUSION**

21

22     At minimum Defendant should be compelled to answer the Plaintiffs' Complaint for

23 failure to meet the burdens of dismissal pursuant to FRCP 8, 9, 10, and 12. The Court is also

24 requested to deny Defendant's request for Judicial Notice of the websites and other similarly

25

26     [33] Fed. R. Civ. P. 12(b); *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982).

27     [34] *Sewald v. Pyatt & Silvestri, Chtd.*, 161 F. Supp. 2d 1074, 1076 (2001).

28     [35] *Matsushita Ele. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-586, 106 S. Ct. 1348, 1355 (1986).

1    pleaded complaints made by Plaintiffs' as violations of the above mentioned case law and

2    Federal Rules of Evidence 201,401, 402, 403 and 404.

3        Following these determinations, the Court should recognize Defendant's Motion to

4    Dismiss pursuant to Rule 12(b) has been misplead. By referring to evidence extrinsic to the

5    Complaint or it's own Motion Defendant has actually transmuted it's Rule 12(b)(6) Motion into a

6    Rule 56 motion for summary judgment. In doing so the Court is requested to determine that

7    Plaintiffs have met their burden under Rule 56 and enter judgment for Plaintiffs. Furthermore,

8    Plaintiffs request the Court to award the damages articulated in their Complaint in addition to

9    any other damages the Courts deems available.

10   DATED:   October 15, 2004

11

12

13                          Respectfully submitted,

14

15

16                          By: _____

17                          Thomas Spielbauer
                            California State Bar Number 78281
18                          The Spielbauer Law Firm
                            50 Airport Parkway
19                          San Jose, CA  95110
                            Telephone: (408)835- 2067
20
                            Temporary Fax: (510)475-5531
21
                            Email:  thomas@spielbauer.com
22
                            ATTORNEY IN CHARGE FOR PLAINTIFFS KENNY FAMILY
23                          TRUST, SCOTT HEINEMAN AND KURT JOHNSON AS
                            TRUSTEES AND REPRESENTATIVES FOR FRANCES
24                          KENNY.

25

26

27

28

                                    -14-

Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
50 Airport Parkway
San Jose, CA  95110
(408)451-8499
Fax: (510)475-5531
thomas@spielbauer.com

Attorneys for the Kenny Family Trust

and for Scott Heineman and Kurt Johnson as Trustees and Representatives

## IN THE UNITED STATES COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FRANCES KENNY FAMILY TRUST; SCOTT HEINEMAN AS TRUSTEE; KURT JOHNSON, AS TRUSTEE; AND SCOTT HEINEMAN AND KURT JOHNSON AS INDIVIDUAL ASSIGNEES ON BEHALF OF KENNY, | No. C 04 3724 WHA |
| | [Assigned to the Hon. William Alsup] |
| Plaintiffs. | DECLARATION OF LARRY BATES |
| v.s. | |
| WORLD SAVINGS BANK FSB; THE DIRECTORS AND OFFICERS OF WORLD SAVINGS BANK FSB; AND CASTLE CAPITAL CORPORATION, | |
| Defendants. | |

I, Larry Bates, do hereby declare:

I have previously been certified as an expert witness in the United States Federal

1   foundations of our banking system  and the history of our money, topics which are not

2   easily understood by the general public and not effectively taught into our schools .

3       I viewed this film several times.  More importantly, however, I  was involved in

4
5   the production of this film with William Still and in fact appear on the film.  I  can

6   establish the fact that this video documentary accurately depicts what it claims to depict.

7   It also accurately depicts the history of central banks, our banking system and the

8
9   monetary system.

10      An understanding of the concepts discussed in the Money Masters is critical in

11  understanding the allegations of plaintiff's complaint.

12      This documentary the *Money Masters* discusses the history of the Federal Reserve
13
14  Board, Federal Reserve system,  and  the system of fractional reserve banking. This

15  documentary accurately shows how the Federal Reserve Board was established and how

16  Congress allowed this board to produce Federal Reserve notes as currency and legal
17
18  tender for the United States.

19      The documentary discusses how Federal Reserve Board member Banks follow a

20  fractional reserve banking system.

21      The probative value of the video far outweighs any possible prejudicial effect. The
22
23  subject matter covered in the video is beyond common experience and knowledge. The

24  video documentary will greatly assist the trier of fact in the search for truth.  The subject
25
26  matter of the *Money Masters* contains information not widely available or understood.  It

27  details and discusses intricacies of our money and banking which are not easily

28  understood, and not discussed generally in our educational system.

Court System. I have testified as an expert witness on issues dealing with complex

banking litigation and public policy.   The last time that I was so certified occurred in

very late 1999 in Federal Bankruptcy Court in Philadelphia.

I am an economist by profession and have extensive experience, and expertise, on

economic and banking issues.

I am a former bank Chief Executive Officer and served in that capacity for over

ten years prior to selling our majority interest in the banks.

I hold a doctoral degree in economic education which I received from Florida

Christian University in 1995.

I am a former member of the House of Representatives for the State of Tennessee,

and served three terms in that capacity.  I further served as chairman of the Committee on

Banking and Commerce while there.


Further, I have served as an outside consultant to the Chairman of the

subcommittee on Oversight and Investigations of the United States House of

Representatives Banking Committee.

I am the Publisher and Editor of *Monetary and Economic Review*.  This quarterly

publication has subscribers in all 50 states and in 12 foreign countries. Further, I have

taught "Money and Banking" for the Bank Administration Institute and the state college

system in Tennessee.

The Documentary entitled the *Money Masters* accurately represents the history of our

banking and monetary system . This documentary does an excellent job of laying out the

1  I declare under penalty of perjury that the foregoing is true and correct to the best

2  of my knowledge.

3  Dated: October 15, 2004

4

5

6

7  **Larry Bates**

8

9

10

11  State of New Mexico

12

13  County of Bernalillo

14

15

16  Subscribed and sworn to by Larry Bates before me on the 15th day of October

17

18  2004.

19

20  Notary Signature _Terri Gruen_

21

22  Notary Name _Terrie Gruen_

23  Notary public, State of New Mexico

24

25  My commission expires 03202006

26

27                OFFICIAL SEAL
                  **TERRIE GRUEN**
28                NOTARY PUBLIC
                  STATE OF NEW MEXICO
              My Commission Expires: 03202006

**PROOF OF SERVICE**

I, the undersigned, am over the age of eighteen years and a resident of Sonoma County, California. I am not a party to this action. My business address is 1538 St. Charles, Alameda, California 94501.

On October 15, 2004, I served the following documents:

**RESPONSE TO DEFENDANT WORLD SAVINGS BANK'S MOTION TO DISMISS; DECLARATION OF LARRY BATES; EXHIBIT 1, THE MONEY MASTERS DVD VIDEO**

To:    Barry D. Hovis, Esq.
       Walter Traver, Esq.
       Musick, Peeler and Garrett
       120 Montgomery Street, Suite 2550
       San Francisco, CA 94104-4303


_XXXXX_    **BY MAIL**: I deposited the sealed envelope with the postage thereon fully prepaid to be placed in the United States Mail at Alameda, California. I am readily familiar with the office's practice for collection and processing of correspondence for mailing, and pursuant to those practices the envelope would be deposited with the United States postal Service that same day.


_____    **BY PERSONAL SERVICE**: I delivered the deposited the sealed envelop by hand to the addressee.


_____    **BY FACSIMILE**: I sent such document(s) by way of facsimile to the offices of the address as set forth above. The telephone number of the sending facsimile machine was (_____)_____-_____, and the telephone number of the receiving facsimile machine was (_____) _____- _____.


Executed on October 15, 2004 at Alameda County, California


I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


_____
GAYLE SMITH